IN THE CIRCUIT COURT FOR CALVERT COUNTY, MARYLAND

ALLAN LLOYD BROWN, Individually :
and as Personal Representative of :
The Estate of Susan Irene Brown :
115 Allnut Court :
Prince Frederick, MD 20678 :
:
and :
:
ROBERT BROWN :
7824 DeForrest Dr. :
Chesapeake Beach, MD 20732 :
:
and :
:
BRIAN BROWN :
7824 DeForrest Dr. :
Chesapeake Beach, MD 20732 :
:
      Plaintiffs, :     C-04-CV-20-000394
:
vs. :     Case No. _____
:
FORD MOTOR COMPANY, :
Dearborn, MI 48121 :
:
  Serve Registered Agent: :
  The Corporation Trust Incorporated :
  2405 York Rd., Suite 201 :
  Lutherville Timonium, MD 21093-2264 :
:
      Defendants. :
_____ :

## COMPLAINT

Plaintiffs Allan Lloyd Brown, individually and as Personal Representative of the Estate of Susan Irene Brown, Robert Brown and Brian Brown, by counsel Steven M. Pavsner and Joseph, Greenwald & Laake, PA, sue the Defendant, Ford Motor Company, and as grounds state:

### Nature of the Action

1. This is a products liability action claiming damages for bodily injury, pain and suffering, emotional distress, survival, wrongful death, medical expenses, lost wages, loss of consortium and

other damages, arising from a motor vehicle collision that occurred in Calvert County, Maryland on December 13, 2017, in which a 2017 Ford Fusion being driven by Plaintiff's decedent crossed over into oncoming traffic. This action also includes claims for strict liability, breach of express warranty, breach of implied warranty, general negligence, failure to warn, failure to inspect, and violation of the Federal Motor Vehicle Safety Act.

2. The claims asserted herein arise out of the design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of a defective and unreasonably dangerous automobile.

### Parties, Jurisdiction and Venue

3. Plaintiff Allan Lloyd Brown is a citizen and resident of Prince Frederick Maryland. He also is Personal Representative of the Estate of his deceased wife, Susan Irene Brown.

4. Plaintiff Richard Brown is a citizen and resident of Chesapeake Beach, Maryland. He is a surviving son of Susan Irene Brown.

5. Plaintiff Brian Brown is a citizen and resident of Chesapeake Beach, Maryland. He is a surviving son of Susan Irene Brown.

6. Together, Plaintiffs Allan Lloyd Brown, Richard Brown and Brian Brown are all of the primary wrongful death beneficiaries of Susan Irene Brown.

7. The Defendant, Ford Motor Company ("Ford") is a corporation organized and existing under the laws of a state other than Maryland, but is authorized to and carries on substantial business within and throughout the State of Maryland. Ford was the manufacturer, designer, distributor and/or seller of the vehicle being driven by Susan Irene Brown at the time of the collision.

### The Product

8. The product involved in this action is a 2017 Ford Fusion (the model vehicle is hereafter referred to as the "Fusion"), VIN No. 3FA6P0T92HR166523 (the particular vehicle involved in the

incident is hereafter referred to as the "2017 Ford Fusion").

### The Incident

9. The incident forming the basis for this suit occurred on or about December 13, 2017, on Westbound Plum Point Road at Cecil Lane in Huntington, Calvert County, Maryland. Plum Point Road in that area is a two-lane road, consisting of one westbound and one eastbound lane, separated by a double-yellow line. At the time of the accident, Susan Irene Brown was traveling eastbound, within the posted speed limit, approaching a gentle curve in the roadway, when she suddenly and unexpectedly lost steering control of her 2017 Ford Fusion. The 2017 Ford Fusion crossed the double-yellow line and entered the westbound lane, where it collided with another Ford vehicle. The resulting collision caused the death of Susan Irene Brown and the westbound driver.

### The Product Defects

10. Defendant Ford had a legal duty to design, select, inspect, test, manufacture, assemble, equip, market, distribute, and sell the Fusion and its components so that it would provide adequate steering control and occupant safety.

11. Defendant Ford designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the Fusion, and its components, including but not limited to, equipping it with its steering system.

12. Defendant Ford, through both express and implied warranties, represented that the Fusion and its steering and other systems were merchantable and fit for the use intended, and that these systems would operate properly to provide adequate driver control of the vehicle in foreseeable accidents occurring in the real world environment of the Fusion's expected use.

13. As designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the Fusion was uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users and occupants because its steering control system and component sub-assemblies are

inadequately designed and constructed, and fail to provide the degree of steering control and safety a reasonable consumer would expect in foreseeable accidents occurring in the real world environment of its expected use.

14. Among other things, the Ford Fusion is uncrashworthy, defective, unreasonably dangerous, and unsafe for foreseeable users in that there is an unreasonable risk that the steering will malfunction and cause driver loss of directional control, thereby causing foreseeable collisions.

15. Defendant Ford sold, rented and/or leased the 2017 Ford Fusion as a new product. The 2017 Ford Fusion and its steering and other systems and component sub-assemblies with which it was equipped left Defendant's control in the same condition as they were at the time and place of the incident, with the exception of ordinary wear and tear.

16. Defendant Ford had a legal duty to warn the public, including Susan Irene Brown and Allan Lloyd Brown, of the defects in the Fusion and the component parts with which it was equipped.

17. Defendant Ford breached this duty by failing to warn the public, including Susan Irene Brown and Allan Lloyd Brown, of these safety related defects in the Ford Fusion and its component parts and representing its vehicle to be safe.

18. After placing the Fusion and the 2017 Ford Fusion model into the stream of commerce and selling thousands of Fusions, Ford was made aware of the propensity of the Fusion and the 2017 Ford Fusion to cause loss of steering control, yet took no action to either resolve the defect or warn the consuming public.

19. Defendant Ford willfully, wantonly, recklessly, grossly negligently and/or negligently designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the Fusion and its components in an uncrashworthy, defective, and unsafe condition, unreasonably dangerous to users.

**The Product Failure**

20. During the incident Susan Irene Brown was operating the 2017 Ford Fusion normally and with due care within the legally permissible posted speed limit, yet at some point shortly before the accident lost directional control of the vehicle.

21. During the incident the 2017 Ford Fusion's steering and other systems and component sub-assemblies did not operate as intended and warranted, failed to provide the driver with adequate directional control as a reasonable consumer would expect, and subjected Susan Irene Brown to serious and fatal injuries which she would not have sustained if the 2017 Ford Fusion's steering and other systems and component sub-assemblies had not been defective, and had provided her with adequate directional control and a reasonable degree of occupant protection and safety.

22. The 2017 Ford Fusion's lack of stability and control caused driver loss of control resulting in the collision that killed Susan Irene Brown.

### Alternative Designs Feasible

23. Prior to designing, selecting, inspecting, testing, manufacturing, assembling, equipping, marketing, distributing, selling, renting and/or leasing the Fusion, Defendant Ford was aware that there existed alternative steering assembly designs that were safer and were both technologically and economically feasible for inclusion in the Fusion. Upon information and belief, these alternative designs would eliminate the defective and unsafe steering characteristics of the Fusion without impairing its usefulness or making it too expensive.

### Ford's Prior Knowledge

24. Prior to the manufacture of the Fusion involved in the present case, and again after the 2017 Ford Fusion was put into the stream of commerce, and again before the collision that killed Susan Irene Brown, Ford had actual notice from various sources that the Fusion had steering and related problems with directional control and safety.

### Damages

25. As a direct and proximate result of Defendant Ford's conduct, Susan Irene Brown suffered needlessly prior to her death, her life expectancy was greatly shortened, and she suffered actual and consequential damages, including but not limited to medical expenses, funeral bills, mental pain and suffering, and mental anguish and shock.

26. As a direct and proximate result of Defendant Ford's conduct, Plaintiffs Allan Lloyd Brown, Richard Brown, and Brian Brown have been and will be deprived of the pecuniary support, society, companionship, and services to which they were entitled as the surviving spouse and children of Susan Irene Brown, and have incurred other economic and non-economic damages.

### FOR A FIRST CAUSE OF ACTION
### (Negligence - Survival)

27. The allegations of ¶¶ 1-26 are incorporated by reference as if fully set forth herein.

28. Defendant Ford was negligent in designing and selling the 2017 Ford Fusion in an unreasonably dangerous and defective condition as set forth above.

29. Plaintiff's damages as described herein were proximately caused by Ford's negligent design of the Fusion.

WHEREFORE, Plaintiff Allan Lloyd Brown, as Personal Representative of the Estate of Susan Irene Brown, prays judgment against Defendant Ford for actual and consequential damages in the amount of Five Million Dollars ($5,000,000), together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

### FOR A SECOND CAUSE OF ACTION
### (Wrongful Death)

30. The foregoing factual allegations are made a part of this Second Cause of Action through incorporation by reference.

31. Defendant Ford was negligent in designing and selling the 2017 Ford Fusion in an unreasonably dangerous and defective condition as set forth above.

32. Plaintiff's damages as described herein were proximately caused by Ford's negligent design of the Fusion.

WHEREFORE, Plaintiffs Allan Lloyd Brown individually, and Richard Brown and Brian Brown, pray judgment against Defendant Ford for actual and consequential damages in the amount of Five Million Dollars ($5,000,000), together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## FOR A THIRD CAUSE OF ACTION
### (Strict Liability in Tort)

33. The foregoing factual allegations are made a part of this Third Cause of Action through incorporation by reference.

34. By reason of the foregoing, the Defendant is strictly liable for injuries and damages caused by these defects in the 2017 Ford Fusion.

35. Defendant Ford placed the 2017 Ford Fusion and its component parts, which they defectively designed and defectively manufactured, and or sold into the stream of commerce in a defective and dangerous condition and are strictly liable for the plaintiff' injuries and losses.

WHEREFORE, Plaintiffs pray judgment against Defendant Ford for actual and consequential damages of Five Million Dollars ($5,000,000), together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

36. The foregoing factual allegations are made a part of this Fourth Cause of Action through incorporation by reference.

37. By reason of the foregoing, the Defendant Ford is liable in damages for breach of its implied warranties of merchantability and of fitness for a particular purpose made to the general public, including Allan Lloyd Brown and Susan Irene Brown, when they purchased and drove the 2017 Ford

Fusion.

38. Defendant Ford designed and sold a vehicle that was defective and not fit for the foreseeable and intended use and purposes and as a direct result Susan Irene Brown was severely injured and died.

WHEREFORE, Plaintiffs pray judgment against Defendant Ford for actual and consequential damages of Five Million Dollars ($5,000,000), together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

### FOR A FIFTH CAUSE OF ACTION
### (Negligent Design and Manufacture)

39. The foregoing factual allegations and the allegations are made a part of this Fifth Cause of Action through incorporation by reference.

40. By reason of the foregoing Defendant Ford is liable to the Plaintiffs for their injuries and damages caused by Defendant's misconduct.

WHEREFORE, Plaintiffs pray judgment against Defendant Ford for actual and consequential damages of Five Million Dollars ($5,000,000), together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

### FOR A SIXTH CAUSE OF ACTION
### (Loss of Consortium)

41. The above set forth facts and the allegations are made a part of this Sixth Cause of Action through incorporation by reference.

42. Plaintiff Allan Lloyd Brown and Susan Irene Brown were married as husband and wife through the date and time of Mrs. Brown's needless, untimely and unexpected death.

43. As the result of Defendant Ford's actions, Plaintiff Allan Lloyd Brown individually has been injured and damaged as a result of the loss of consortium with his deceased wife.

WHEREFORE, Plaintiff Allan Lloyd Brown prays judgment against Defendant Ford for actual and consequential damages of One Million Dollars ($1,000,000), together with costs of this action, and

for such other and further relief as this Court may deem fit, just, and proper.

## FOR A SEVENTH CAUSE OF ACTION
### (Breach of Express Warranty)

44. The foregoing factual allegations are made a part of this Seventh Cause of Action through incorporation by reference.

45. By reason of the foregoing, Defendant Ford is liable in damages for breach of its express warranties. Ford expressly warranted to the general public, including Allan Lloyd Brown and Susan Irene Brown, that the Fusion was safe and properly designed and manufactured. Ford and expressly warranted that the Fusion had adequate steering control and was directionally stable, and that the Fusion was a safe vehicle to use for ordinary and expected uses for a family vehicle.

46. Defendant Ford designed and sold a vehicle that was defective and breached their express warranties, and as a direct result Susan Irene Brown was severely injured and died.

47. As the result of Defendant Fords' actions, Plaintiffs and their decedent suffered the injuries and damages described above.

WHEREFORE, Plaintiffs pray judgment against Defendant Ford for actual and consequential damages of Five Million Dollars ($5,000,000), together with costs of this action, and for such other and further relief as this Court may deem fit, just, and proper.

### JURY TRIAL DEMANDED

Plaintiffs demand trial by jury.

/s/ Steven M. Pavsner
JOSEPH, GREENWALD & LAAKE, P.A.
Steven M. Pavsner, CPF No. 7606010105
6404 Ivy Lane #400
Greenbelt, MD 20770
Tel. 301-220-2200
Fax: 240-553-1735
spavsner@jgllaw.com

Dated: December 11, 2020